# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# CLEVELAND DIVISION

| | |
|---|---|
| Dominic Mele,<br><br>                        Plaintiff,<br><br>v.<br><br>The Arthur Louis Steel Co.,<br><br>                        Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## INTRODUCTION

1. Upon learning of Plaintiff Dominic Mele's disability, Defendant The Arthur Louis Steel Co. terminated him, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. ("ADA").

## PARTIES

2. Mele is an individual who resides and worked for Arthur Louis Steel in this Division.

3. Arthur Louis Steel is a steel producer that operates in this Division.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Arthur Louis Steel because Arthur Louis Steel maintains a significant business presence within this Division, and Arthur Louis Steel's acts and omissions giving rise to Mele's claim occurred in this Division.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Mele's claims occurred in this Division.

## FACTUAL ALLEGATIONS

7. Mele is a veteran.

8. Mele suffers from service-related sleep apnea, allergies, and asthma.

9. Mele's service-related sleep apnea, allergies, and asthma are physical impairments that substantially limited his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work necessitated Mele having his knee replaced.

10. On May 25, 2017, while working for his former employer, Mele's disabilities caused him to suffer a micro nap.

11. Mele then sought treatment for his disabilities.

12. Mele's doctor informed Mele's former employer that Mele's micro nap was disability induced.

13. After seeking treatment, Mele has never suffered a micro nap.

14. After Mele's former employer went out of business, on November 27, 2018, Mele applied for a position with and was hired by Arthur Louis Steel.

15. Mele's disabilities do not prevent him from performing the essential functions of his job at Arthur Louis Steel.

16. On December 14, 2018, Arthur Louis Steel told Mele that it had obtained his personal file from his former employer, via which it learned of his disabilities and disability-induced micro nap.

17. Arthur Louis Steel told Mele that it "can't have that here" and terminated him.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

18. Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

19. At all relevant times, Mele was an individual with a disability under the ADA.

20. Mele is a qualified individual under the ADA.

21. Arthur Louis Steel discriminated against Mele on the basis of disability when it terminated him.

22. Because Arthur Louis Steel violated 42 U.S.C. § 12112, Mele has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Mele is also entitled to attorneys' fees and costs incurred in connection with these claims.

23. Arthur Louis Steel committed the above-alleged acts with reckless or deliberate disregard for Mele's rights. As a result, Mele is entitled to punitive damages.

### COUNT II
### FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

24. At all relevant times, Mele was an individual with a disability under the ADA.

25. Arthur Louis Steel was aware of Mele's disability.

26. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

27. If Arthur Louis Steel believed that Mele's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Mele to perform the essential functions of his job.

28. Arthur Louis Steel failed to engage with Mele in the interactive process and failed to offer reasonable accommodation to Mele.

29. Because Arthur Louis Steel violated 42 U.S.C. § 12112, Mele has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Mele is also entitled to attorneys' fees and costs incurred in connection with these claims.

30. Arthur Louis Steel committed the above-alleged acts with reckless disregard or deliberate disregard for Mele's rights and safety. As a result, Mele is entitled to punitive damages.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA

31. At all relevant times, Mele was an individual with a disability under the ADA.

32. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations

and inquiries.

33. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

34. Arthur Louis Steel discriminated against Mele on the basis of disability by obtaining his medical records from his former employer, in violation of 42 U.S.C. § 12112(d)(4).

35. Because Arthur Louis Steel violated 42 U.S.C. § 12112, Mele has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Mele is also entitled to attorneys' fees and costs incurred in connection with these claims.

36. Arthur Louis Steel committed the above-alleged acts with reckless disregard or deliberate disregard for Mele's rights and safety. As a result, Mele is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mele prays for judgment against Arthur Louis Steel as follows:

37. That the practices of Arthur Louis Steel complained of herein be determined and adjudged to constitute violations of the ADA;

38. For an injunction against Arthur Louis Steel and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs,

and usages set forth herein;

39. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

40. For an award of pre-judgment interest, as provided by law;

41. For an award of Mele's costs, disbursements and attorneys' fees pursuant to law;

42. For all relief available under the ADA;

43. For such other and further relief available by statute; and

44. For such other and further relief as the Court deems just and equitable.

DATED: March 18, 2020

**THE MOODY LAW FIRM**

/s/ Nicholas D. Thompson
Nicholas D. Thompson, VA92821
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Phone: (757) 393-4093
Fax: (757) 397-7257
Email: nthompson@moodyrrlaw.com

**COUNSEL FOR PLAINTIFF**